#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 18-295-1 |
| | : | |
| DAVID MILLINER | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

David Milliner, by and through his undersigned counsel, hereby submits this memorandum in advance of his sentencing hearing. Having fully accepted responsibility for his conduct, he will come before the Court at his sentencing hearing and respectfully ask the Court to impose the parties' jointly recommended sentence of 240 months' incarceration. Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing.

The Court has before it substantial information regarding Mr. Milliner, his personal history and characteristics, and the offense conduct in the final Presentence Report ("PSR") and Dr. Jeffrey E. Summerton's Psychological Evaluation. Mr. Milliner acknowledges that the correctly calculated advisory guidelines recommend life imprisonment for his offenses; however, he respectfully submits that a significant downward variance is appropriate for numerous reasons. At his hearing, through counsel, Mr. Milliner will elaborate on all the § 3553(a) sentencing factors and how a sentence of 20 years' incarceration serves the goals of sentencing. This memorandum will focus on the factors that support the parties' jointly agreed-upon sentencing recommendation and why the Court should accept the written plea agreement.

## I. The Need to Avoid Unwarranted Sentence Disparities

18 U.S.C. § 3553(a)(6) directs the court to consider, among several other factors, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . " A majority of defendants in this district receive below-guidelines sentences.

The United States Sentencing Commission compiles sentencing data and provides an online, interactive data tool to analyze the data based on select filters. *See* *https://ida.ussc.gov/analytics/saw.dll?Dashboard&PortalPath=%2Fshared%2FIDA%2F_portal%2FIDA%20Dashboards*.

Attached at Exhibit A is a data set created using the interactive data analyzer. To produce this data set, the following filters were used:

Fiscal Years: 2015 – 2020

Geography: 3rd Circuit, E.D.Pa.

Demographics: All

Crime Type: Child Pornography

Criminal History: Category I.

Courts in this district grant downward variances approximately 60% of the time in child pornography cases where the defendant is a criminal history category I. When factoring in government sponsored downward variances and departures, nearly 70% of defendants receive a sentence lower than the advisory guidelines.

## II. Mr. Milliner's Age and Lack of Criminal History

Mr. Milliner is a criminal history category I and he is 51 years old. It is well accepted that older offenders are much less likely to reoffend upon release than younger offenders. The

2

Sentencing Commission issued a report analyzing the effects of aging on recidivism among federal offenders.[1] Among other key findings, the Commission found that "[o]lder offenders were substantially less likely than younger offenders to recidivate following release. Over an eight-year follow-up period, 13.4 percent of offenders age 65 or older at the time of release were rearrested compared to 67.6 percent of offenders younger than age 21 at the time of release." Additionally, "[a]ge and criminal history exerted a strong influence on recidivism. For offenders in Criminal History Category I, the rearrest rate ranged from 53.0 percent for offenders younger than age 30 at the time of release to 11.3 percent for offenders age 60 or older."

Mr. Milliner will be nearly 70 years old by the time he is released. Given the fact that he was nearly 50 years old when he committed his first offense of this type, his lack of criminal history, and the fact that he will be older than 65 when he is released, Mr. Milliner submits that the risk of reoffending is minimal, if not non-existent.

### III.  The Offense Conduct

While indisputably serious, the offense conduct presents mitigating factors. Considering the totality of the circumstances, the parties' jointly recommended sentence of 20 years' incarceration is appropriate. First and foremost, Mr. Milliner posed as rich prince with connections to Michael Jackson on internet forums. While the government characterizes his ruse as exploitative, it is important to note that because he posed as a fantastical figure, Mr. Milliner did not intend to seek in-person contact. Mr. Milliner's advisory guidelines are high because he is convicted of manufacturing child pornography and he had online contact with four minors (which creates four separate groups for guidelines purposes and therefore a higher adjusted

---

[1] *See* https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders#:~:text=Older%20offenders%20were%20substantially%20less,at%20the%20time%20of%20release.

offense level). The fact that this is a non-contact production offense is a significant mitigating factor. Additionally, Mr. Milliner's conduct was of a limited duration, lasting – at most – four months.

### IV. The Impact of Mr. Milliner's Plea

When Mr. Milliner accepted responsibility for his conduct and pled guilty to the charged offenses, he saved the government substantial time and resources in avoiding a trial. Much more importantly, however, his plea means that four minors are spared the public process of a trial that would require them to testify about highly sensitive subject matters.

### V. CONCLUSION

For all the reasons set forth more fully above, and for all the reasons that will be set forth more fully at his sentencing hearing, Mr. Milliner respectfully requests the Court grant his request for a downward variance from the advisory sentencing guidelines, accept the written Guilty Plea Agreement, and impose a sentence of 240 months' incarceration.

Respectfully submitted,

*/s/ Angela Halim*
ANGELA HALIM
Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

    I, Angela Halim, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that the Defendant's Sentencing Memorandum was served via Electronic Mail upon Brittany Jones, Assistant United States Attorney, United States Attorney's Office, Suite 1250, 615 Chestnut Street, Philadelphia, PA 19106.

                                                          */s/ Angela Halim*
                                                          ANGELA HALIM
                                                          Assistant Federal Defender

Date:  May 4, 2021